UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOWAN HAGANS, <br><br> Plaintiff, <br><br> v. <br><br> PAROLE COMMISSION, et al., <br><br> Defendants. | Civil Action No. 15-1671 (ARC) |

# NOTICE

Federal Defendants Parole Commission, Acting Chair Patricia K. Cushwa, and Attorney General Pamela Bondi, through the undersigned counsel, respectfully file the following notice as to Plaintiff Antowan Hagans' reply in support of his preliminary injunction motion, ECF No. 16.

*First*, Federal Defendants withdraw their argument that a rational basis for any difference in treatment exists because "by law, a District Court cannot impose a term of supervised release on a federal offender for punitive reasons, whereas a Superior Court may impose a term of supervised release on a D.C. offender for punitive reasons." Fed. Defs.' Opp'n at 40, ECF No. 14.

*Second*, Federal Defendants withdraw their argument that 18 U.S.C. § 4214(a)(1)(A) does not apply to the decision to detain or release an offender pending a revocation hearing. *See* Fed. Defs.' Opp'n at 32-33. Notwithstanding the foregoing, any ostensible "automatic detention" policy still would not violate 18 U.S.C. § 4214(a)(1)(A). That is because the decision to adopt such policy would itself constitute a permissible exercise of the Commission's discretion under this statute.

18 U.S.C. § 4214(a)(1)(A) provides that "the Commission *may* restore any parolee to parole supervision if," in relevant part, "(ii) incarceration of the parolee pending further revocation proceedings is not warranted by the alleged frequency or seriousness of such violation or

violations; (iii) the parolee is not likely to fail to appear for further proceedings; and (iv) the parolee does not constitute a danger to himself or others." (emphasis added). The operative term here is "may," not "must" or "shall." As the Supreme Court has put it, "[t]he word 'may' clearly connotes discretion." *Rudisill v. McDonough*, 601 U.S. 294, 310 (2024) (cleaned up). Accordingly, even if the Commission finds that every one of the specified statutory conditions obtain—in other words, that the frequency or seriousness of the violation(s) do not warrant detention and that the offender does not pose a risk of flight or danger to the community—even then, the Commission still has the "discretion," *id.*, under Section 4214(a)(1)(A) to detain the offender pending a revocation hearing.

Hagans agrees that "the language of § 4214 gives the Commission discretion in how to apply factors (ii)-(iv)," arguing only that an "automatic detention" policy "violates Defendants' duty to exercise their discretion." Pl.'s Mot. at 1, 33, ECF No. 12-1. But if the ostensible "automatic detention" policy existed, it would itself constitute a permissible exercise of the Commission's discretion under Section 4214(a)(1)(A)—its discretion "to apply factors (ii)-(iv)" in a standardized, set fashion across cases rather than through ad hoc case-by-case determinations. After all, "the choice made between proceeding by general rule or by individual, ad hoc litigation is one that lies primarily in the informed discretion of the administrative agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947); *accord NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 293 (1974) (same). Hagans may not like how the Commission (allegedly) chooses to exercise this discretion.[1] He may prefer ad hoc case-by-case determinations to a standardized policy. But any "automatic detention" policy is an exercise of discretion nonetheless. Section 4214(a)(1)(A) requires nothing more.[2]

---

[1]  As explained in Federal Defendants' opposition, and as Federal Defendants are prepared to explain in further detail at the motion hearing, no such policy exists. But even assuming that an "automatic detention" policy in fact exists, it would not violate 18 U.S.C. § 4214(a)(1)(A).

[2]  Because "a plaintiff seeking a preliminary injunction must make a clear showing that he is likely to succeed on the merits," *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (cleaned

Dated: July 8, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      */s/ Bradley G. Silverman*
BRADLEY G. SILVERMAN, D.C. Bar #1531664
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

*Attorneys for the United States of America*

---

up), the Court can and should consider this argument even though Federal Defendants did not raise it in their opposition. *Cf. Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) ("a motion for summary judgment cannot be 'conceded' for want of opposition" because "[t]he burden is always on the movant to demonstrate why summary judgment is warranted" and "[t]he nonmoving party's failure to oppose summary judgment does not shift that burden"). After all, nothing prevents Federal Defendants from raising this argument in a motion to dismiss or a motion for summary judgment later in the case. If Federal Defendants would prevail on such an argument at that stage of the case, then Hagans plainly is not likely to succeed on the merits of this issue.