UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOWAN HAGANS,<br><br>   Plaintiff,<br><br>v.<br><br>U.S. PAROLE COMMISSION, et al.,<br><br>   Defendants. | Civil Action No. 25-1671 |

### DECLARATION OF OSCAR VELA

I, Oscar Vela, hereby declare as follows:

1. I am currently the Acting Case Operations Administrator for the U.S. Parole Commission (the "Commissioner") but retain the official position designation of Hearing Examiner, which I assumed on March 11, 2013. I served as Acting Deputy Case Operations Administrator from August 12, 2024, to December 27, 2024, and then on December 28, 2024, I was appointed as Acting Case Operations Administrator. In my previous role as Hearing Examiner, I conducted various types of hearings for the Commissioner throughout the United States, including probable cause hearings.

2. Before working at the Commission, I was a U.S. Probation Officer for the U.S. District Court – Northern District of Ohio. Before that, I was a Specialized Probation Officer for the Lucas County, Ohio Probation Department. Preceding my time in probation, I worked in juvenile corrections since June 1994, having assumed various positions, starting at corrections officer, all the way up to Acting Superintendent.

3. As part of my current official duties, I oversee staffing and scheduling of all hearings ordered by the Commission. I am familiar with the procedures followed by the

Commission, and I make this declaration in support of the above-captioned matter. All information herein is based upon my personal knowledge, experience, documents, or materials I have reviewed, or information provided to me in my official capacity.

4. Waiving probable cause, failing to contest probable cause, or not challenging continued detention findings occurs with some frequency. These situations generally arise in three common scenarios.

5. **Refusal of Counsel and Hearing Participation**: In some cases, an alleged offender refuses counsel and declines to participate in a probable cause hearing. The Examiner will inform the individual that this refusal constitutes a waiver of the right to a hearing and the right to argue for release. While mental health concerns may play a role for certain individuals, it is speculative to assume that all waivers are attributable to such issues. In my experience, many waivers come from those who identify as "sovereign citizens," individuals who distrust the Public Defender Service or attorneys in general, or offenders who prefer to represent themselves and believe that waiving counsel will expedite the revocation process. I estimate these cases occur approximately 10–20 times per year, representing 2–4% of probable cause hearings.

6. **Waivers During Out-of-District Arrests**: When an alleged offender is arrested outside the District of Columbia on a USPC warrant, regulations permit a U.S. Probation Officer to conduct a probable cause hearing (referred to as a preliminary interview). At the initial hearing, the offender is provided with a CJA-22 form by the U.S. Probation officer and is informed that they may request representation by the local Federal Public Defender's Office. If the individual waives representation, the probable cause hearing proceeds immediately. In my experience, approximately 10–20% of these offenders waive counsel, do not contest probable cause or

detention, and instead pursue either an expedited offer or prompt transfer to a Bureau of Prisons facility for an institutional revocation hearing.

7. **Offenders with Pending Criminal Charges**: The third common scenario involves offenders already detained by the U.S. District Court for the District of Columbia or the D.C. Superior Court on new criminal charges, while also subject to a USPC violator warrant. To pursue concurrent sentencing opportunities, these individuals may request an order from the court that the Marshals serve the USPC's warrant, which would start the USPC's process. In such situations, the Public Defender Service may formally "deny" the charge at the USPC probable cause hearing but will not argue against a probable cause finding or request release, recognizing that release by USPC would only result in a delayed resolution of the USPC warrant. Although the USPC lacks a centralized method to track the frequency of these cases without reviewing each probable cause digest, I have personally observed this scenario on scores of occasions over the past several years. The most recent instance occurred last week, in a case presided over by Examiner Graham, where the offender was represented by PDS attorney Michael Bonner.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of September, 2025.

_____
Oscar Vela
Acting Case Operations Administrator
United States Parole Commission