UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOWAN HAGANS,<br><br>    Plaintiff-Petitioner,<br>    *Individually and on behalf of all other similarly situated*<br><br>    v.<br><br>UNITED STATES PAROLE COMMISSION, et al.<br><br>    Defendants-Respondents. | Case No. 25-cv-1671 |

### MOTION FOR RELIEF FROM STANDING ORDER NO. 25-55

Plaintiffs hereby move for relief from Standing Order No. 25-55. The Standing Order contemplates that parties may seek relief from it, and an exception is warranted in this case because: (1) this case is in the thick of preliminary injunction proceedings, to which the Standing Order does not apply; (2) Plaintiff and the putative class challenge seek habeas relief, making the stakes of this case more similar to a criminal proceeding, to which the Standing Order likewise does not apply; and (3) Plaintiff and the putative class challenge unlawful and dangerous detention that poses substantial risk to their lives, wellbeing, and property interests on a daily basis, creating good cause for an exception. Moreover, by ordering relief, the Court would be following the typical judicial practice in this Circuit during shutdowns. *See Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638–39 (D.C. Cir. 2019) (Srinivasan, J. concurring) (documenting the D.C. Circuit's history of denying requests to postpone civil cases during prior shutdowns). Federal Defendants oppose this motion.

At 12:01 a.m. ET on October 1, 2025, the federal government's funding lapsed. Chief Judge Boasberg accordingly issued Standing Order No. 25-55, which pauses "all filing and discovery deadlines imposed upon the United States, any of its federal agencies, and any of its officers or employees" until either ten or five days after funding is restored, depending on the length of the appropriations lapse. The Standing Order, however, excepts from this pause deadlines in criminal cases and "deadlines to respond to motions for temporary restraining orders or preliminary injunctions."

There are two upcoming deadlines in this case related to ongoing preliminary injunction proceedings:

- The Court ordered the parties to file a Joint Status Report by October 3, 2025, regarding negotiations on policy changes by the U.S. Parole Commission. Minute Order of September 3, 2025.

- The Court also ordered that the parties simultaneously file any supplemental briefing regarding the class certification or mootness issues presented in this case by October 3, 2025. *Id.*[1]

For the reasons set forth below, to the extent this case and the upcoming deadlines are not already excepted from Standing Order 25-55, Plaintiffs seek relief from the Standing Order so that this case may proceed as scheduled.

*First*, Standing Order No. 25-55 recognizes that a stay is not warranted in cases like this one where Plaintiffs are seeking emergency relief. The presently pending deadlines are directly

---

[1] Plaintiffs note that it is not entirely clear whether Standing Order No. 25-55 applies to the October 3 deadlines pending in this case. Both deadlines impose requirements on both the Federal Defendants and on Plaintiffs, so are not straightforwardly "deadlines imposed upon the United States [et al.]." Even if the Standing Order does not apply to the joint October 3 deadlines, Plaintiffs still seek relief from the Standing Order for future proceedings.

Moreover, to the extent the Standing Order stays the supplemental briefing deadline for the Federal Defendants but not for Plaintiffs, it needlessly prejudices Plaintiffs. Plaintiffs request that, at a minimum, the Court stay Plaintiffs' deadline to match Federal Defendants' deadline.

2

connected to the preliminary injunction proceedings in this case. Presumably, the Court will not enter a ruling ordering relief—as it indicated it is inclined to do, *see* Transcript of September 3, 2025 Hearing at 178:22-25—until any supplemental briefing on class certification or mootness is submitted. Plaintiffs intend to file a supplemental brief by the October 3 deadline, as directed. Likewise, negotiations on policy changes flowing from the preliminary injunction motion should continue apace, and the parties' Joint Status Report is part of that process. At the time of this filing, Plaintiffs expect that the Joint Status Report will be filed by October 3, but even so, the Court should make clear that negotiations must continue unhindered by the appropriations lapse. Delaying the October 3 deadlines, the underlying negotiations, and any future deadlines related to preliminary injunction proceedings would improperly halt the emergency proceedings in this case, despite the fact that the Standing Order specifically exempts preliminary injunctions from its global stay of deadlines.

*Second*, Standing Order No. 25-55 also recognizes that a stay is not warranted where continued incarceration is at stake, as it does not apply to criminal cases. Like criminal cases, the habeas claims in this case concern the lawfulness of continued incarceration and implicate serious liberty, property, and wellbeing concerns that ought not be put on indefinite hold.

*Third*, this case implicates serious health and safety concerns that constitute good cause for an exception from the Standing Order. As detailed extensively in Plaintiffs' Memorandum in Support of the Motion for Preliminary Injunction ("PI Memo"), detention at the D.C. Jail for any length of time constitutes irreparable harm because those in detention face unavoidable health, safety, and practical consequences. *See* Dkt. 12-1 at 39–43. The list of harms associated with detention is long and troubling: worsening mental illness due to stressful conditions and restricted access to needed medications; a high likelihood of being assaulted, including sexual assault;

exposure to communicable diseases; inability to exercise; deprivation of sunlight and fresh air; and forcible separation from children and family. *Id.* at 40. Incarceration pending revocation hearings also has negative impacts on property, including loss of income (people often lose their jobs while detained); loss of housing and missed payments on utilities and other bills (people cannot make rent and other payments when jailed). *See* Sam McCann, *How "Collateral Consequences" Keep People Trapped in the Legal System*, Vera Inst. Just. (Nov. 29, 2023), https://www.vera.org/news/how-collateral-consequences-keep-people-trapped-in-the-legal-system. It can also create danger for children, because people lose physical or legal custody of their children (children of incarcerated parents regularly end up in the dependency system due to no caregiver being available outside of jail). *Id.* The executive branch has recognized that safety and property interests of this magnitude warrant an exception from a cessation of work during shutdowns. *See Government Operations in the Event of a Lapse in Appropriations*, 1995 WL 17216091, at *6 (O.L.C. Aug. 16, 1995).

\* \* \*

For the foregoing reasons, Plaintiffs respectfully request that the Court order that Standing Order 25-55 is inapplicable to this case and that the following remain in effect: the pending October 3, 2025, deadlines; the parties' Court-ordered obligation to negotiate in good faith over policy changes; and any future deadlines. In the alternative, Plaintiffs request that the Court stay Plaintiffs' deadline to file supplemental briefing regarding class certification and mootness such that Plaintiffs' deadline remains the same as Federal Defendants' deadline.

| | |
|---|---|
| Dated: October 2, 2025<br>Washington, D.C. | Respectfully Submitted,<br><br>*/s/ Elizabeth Henthorne* |
| Hanna Perry (D.C. Bar No. 90003756)<br>Zoé Friedland (D.C. Bar No. 1781910)<br>Teressa Hamsher (D.C. Bar No. 90009447)<br>Jonathan Anderson (D.C. Bar No. 475306)<br>Public Defender Service for the<br>District of Columbia<br>633 3rd St. N.W.<br>Washington, D.C. 20001<br>Tel. 202-824-2198<br>Fax 202-824-2093<br>hperry@pdsdc.org<br>zfriedland@pdsdc.org<br>thamsher@pdsdc.org | Elizabeth Henthorne (D.C. Bar No. 1562688)<br>Daniel Schwei (pro bono certification)<br>Maura E. Smyles (D.C. Bar No. 90006775)<br>Ruby Giaquinto (D.C. Bar No. 90011104)<br>JENNER & BLOCK LLP<br>1099 New York Ave. N.W.<br>Suite 900<br>Washington, D.C. 20001<br>Tel. (202) 639-6000<br>Fax (202) 639-6066<br>BHenthorne@jenner.com<br>DSchwei@jenner.com<br>MSmyles@jenner.com<br>RGiaquinto@jenner.com |

*Counsel for Plaintiff and the Putative Class*